FILED

# UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF FLORIDA ORLANDO

2016 MAR 17 PM 12: 45

MIDDLE DIST...
ORLANDO, FL

| | |
|---|---|
| SHERONE WAISOME AND VERNA WAISOME ) | 6:16-cv-445-Orl-40KRS |
| Plaintiffs ) | |
| VS ) | PLAINTIFFS VERIFIED COMPLAINT FOR |
| JPMORGAN CHASE BANK NA; and "all persons or ) entities unknown, claiming any legal or equitable right, title, estate, lien or interest in the property described in this complaint adverse ) to plaintiffs' title or any cloud upon plaintiffs' title thereto and Does 1-25 ) Defendant | ACKNOWLEDGENENT OF RESCISSION AND DECLARATORY JUDGMENT |

COMES NOW Paintiffs Sherone Waisome and Verna Waisome (hereafter "Plaintiffs" or the "Waisomes") proceeding without counsel, hereby files this complaint under the Federal Truth in Lending Act, 15 USC § 1601 (hereinafter called "TILA") To seek a declaration acknowledging Plaintiffs' statutorily approved right of rescission which has been validly exercised by Plaintiffs pursuant to applicable law. Plaintiffs are not seeking or asking the court to award damages in this instant proceeding, but is in no way waiving their rights to do so. The Plaintiffs are not asking this court to overturn the State Court judgment.

## JURISDICTION and VENUE

1. The court has subject matter jurisdiction based on 18 U.S.C. §1964 (a) and 15 U.S.C. §1641c

2. In addition, as a separate basis for jurisdiction, this Court has original jurisdiction over this action under 28 U.S.C. 1331 (federal question). As explained below, the action presents questions of federal law under the Federal Truth in Lending Act, 15 U.S.C. § 1635, Regulation Z § 226.23, relating to rescission rights, that must be decided in order for Plaintiffs to prevail on these claims.

3. Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367. This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

## PARTIES

4. The Plaintiffs, Sherone D. Waisome and Verna Waisome, are natural persons residing at 20757 Canoe Crossing Ct, Clermont, FL 34715, which is their principal and primary residence, the Parcel Identification number is 14-21-25-01-0000-000-700 (Hereinafter "Subject Property"). Sherone Waisome maintains a life, health and annuities licenses in the state of Florida, and Verna Waisome is a medical transcriptionist. They acted as their own contractor, and built their home as owner builders, doing some of the work themselves in 2005. Plaintiffs are proceeding Pro Se, without assistance of counsel and is unschooled in law, requesting the court accept direction from <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), Boag v. MacDougall, 545 US 360 (1982), and Conely v. Gibson, 355 US 41 at 48 (1957) Wherein the court has directed those who are unschooled in law, making pleadings shall have the court look to the substance of the pleadings rather than the form. Plaintiffs are representing themselves in this matter for economic reasons.

5. Defendant JPMorgan Chase Bank, NA ("Chase") is the self-styled acquirer of certain (unspecified) assets and liabilities from the Federal Deposit Insurance Corporation ("FDIC") as Receiver ("Receiver"). JPMorgan Chase NA (hereafter "CHASE" organized and existing under the laws of the United States of America, has its principal executive offices at 270 Park Avenue, Midtown, Manhattan, New York City, New York.

6. Washington Mutual Bank ("WMB) was a federal saving association in 2007 and 2008.

7. J.P. Morgan Chase Bank NA alleges that it acquired certain unspecified assets (including the loan servicing business) of Washington Mutual Bank, (WMB) in September of 2008 from the FDIC, through a "Purchase and Assumption Agreement", after the FDIC seized Washington Mutual Bank, in one of the largest bank failures in U.S. History.

8. WASHINGTON MUTUAL BANK FA who brokered/originated plaintiffs' transaction may have transferred/negotiated the instruments before the demise of WASHINGTON MUTUAL BANK (WMB) and subsequent FDIC receivership. It is not known whether or not Defendant JPMorgan Chase can legally prove that it is the owner/assignee of Plaintiffs' loan, including the note and mortgage, and as such, at this time it is disputed.

9. Defendant Servicer/Assignee JP Morgan Chase NA ("Chase") as successor to **Washington Mutual Bank (WMB)** and purportedly **Washington Mutual Bank, FA (WMBFA)**. While Defendant Chase has produced no valid enforceable perfected security interest in the subject property, Chase has made several claims in court that it has acquired or assigned this Note and mortgage therefore Chase is an assignee under 15 USC §1641c.

10. Washington Mutual Bank, F.A. was the original lender as reflected on the Note and Mortgage dated August 29, 2007 and recorded as Doc. No. 2007137968, although Plaintiffs dispute that Washington Mutual Bank FA was the lender as, on information and belief, the loan approval and subsequent funding was conducted by another entity; meaning that another entity was the true "lender".

## CONDITION PRECEDENT

11. All conditions precedent have been performed or have occurred and, at minimum, TILA; Reg. Z violations may be asserted affirmatively and defensively as a recoupment or set-off pursuant to 15 U.S.C. § 1638 *et seq*. The mere loss of a statutory right to disclosure is an injury that gives the consumer standing for Article III purposes.

12. Plaintiffs have standing as of the date of the transaction and where the transaction is a federally related mortgage transaction governed by TILA; Reg. Z. and due to the foreclosure filing recorded in the official records.

## NATURE OF ACTION AND FACTUAL ALLEGATION

13. On or about the second week of August 2007, Plaintiffs were solicited by an employee of Washington Mutual Bank FA (WMBFA) to do a refinance on their current mortgage under the premise that they could provide a better rate. Subsequent to that telephone meeting, on August 13th 2007 Plaintiff Sherone Waisome Physically went to the doctor Phillips branch of Washington mutual Bank (WMB) in Orlando to meet personally with Mr. Pilson the loan officer and filled out an application to refinance the mortgage on their home.

14. Plaintiff Sherone Waisome signed a loan application clearly indicating that at the time he made $4000 per month.  Plaintiff Verna Waisome did not sign a loan application for a mortgage and was not present at the initial application.

15. Mr. Pilson the loan officer for example, did not furnish Sherone Waisome the sole applicant on the loan application and the note, with any written initial **disclosure statement** of the interest rate, monthly payment, a consumer handbook on adjustable rate mortgages or applicable fees that would be incurred by the Waisomes during that face to face meeting and application, or during the underwriting process.

16. The Consumer Financial Protection Bureau (CFPB), is the agency responsible for administering TILA. The CFPB's website states that a "Truth-in-Lending Disclosure Statement provides information about the costs of your credit. . . You receive a Truth-in-Lending disclosure **twice**: an initial disclosure when you apply for a mortgage loan, and a final disclosure before closing." What Is a Truth-in-Lending Disclosure?, Consumer Fin. Prot. Bureau, http://www.consumerfinance.gov/askcfpb/180/what-is-a-truth-in-lending-disclosure.html (last updated Oct. 26, 2015).

17. Mr. Pilson at no time informed Sherone Waisome that his spouse Verna Waisome would be required to sign a mortgage, or that any ownership interest that she has could be at risk. This information was only revealed on the alleged closing date of August 29th 2007 when Sherone Waisome made the inquiry to the escrow company just hours before closing.

18. Both the WAISOMES who have an ownership interest in the subject property were **each** required by statute and by decisional law to receive the requisite disclosure statements twice. First, before credit is extended, and upon closing. JPMorgan Chase NA the alleged servicer is liable to the WAISOMES for these violations under 15 USC §1641(e)(1).

19. Mr. Pilson of WMBFA however did make several verbal representations: that the interest rate on the new loan would not exceed 6.25% fixed rate, and that the total monthly payment inclusive of all escrows would not exceed $2100 per month at the time; and that there would be no prepayment penalty or origination points on the loan; and that the fees and closing cost would not exceed normal customary charges. The Waisomes had no reason to doubt these representations as so that they thought that they were dealing with a reputable federal bank.

20. Plaintiffs demanded of Mr. Pilson of WMBFA by way of telephone on the morning of August 27th 2007, and prior to execution of the documents on the evening of August 29th 2007; that

a copy of the final HUD be emailed to him for inspection. The HUD-1 which was prepared and emailed on August 27th 2007 shows among other things:

A. No charges of a loan origination fee at line 801
B. No application or assumption fee at line 807
C. No funding and review fee to Washington Mutual Bank at line 811

A true copy of the HUD-1 requested is attached hereto and marked "Exhibit B1"

21. It is an undisputed fact Mr. Pilson of WMBFA assured Plaintiffs that all the documents were in order and that Plaintiffs can go ahead on the evening of August 29th 2007 and execute the documents. Exceptional Title the title insurance company who provided closing services for WMBFA, closed the transaction with the Waisomes on August 29th 2007.

22. Plaintiffs are informed and thereon allege that they were subsequently given a large stack of documents on the evening of August 29th 2007 to execute within 30-35 minutes, and were informed that due to the lateness of the closing which was closer to 6:00 clock, and in light of the fact that the office was already closed, the Waisome's take home copies (borrower's copies) of the of the executed documents would be mailed to them.

23. While the Plaintiffs thought nothing of not receiving their folder that evening, plaintiffs felt that they were rushed and were not provided with adequate time to read or review that which they were signing, or to have the documents adequately explained to them. Mr. Timothy Dockery who purports to be a Notary, and the Waisomes, were the only persons present in that room at the title office for the execution of the documents.

24. Mr. Dockery did not explain the content of any of the documents, but only instructed Plaintiffs to sign where indicated and further assured Plaintiffs that they were carefully reviewed by WMBFA's loan officer Mr. Pilson. Plaintiffs aver that upon completion of executing the documents, Mr. Dockery the closing agent did not review the documents with them.

25. As a result of having plaintiffs executing those documents on August 29, 2007, Plaintiffs entered into a consumer refinance credit transaction (hereinafter "the transaction") with Washington Mutual Bank F.A. (WMBFA) as is identified on the Note and Mortgage for a mortgage of $584,000 within the meaning of TILA in which the creditor was allegedly (WMBFA) and the Waisomes were the borrower.

26. The credit transaction was evidenced by a purported note bearing the date August 29th 2007. This lien note was secured by a mortgage bearing the date of August 29th 2007. This mortgage was in fact a closed end credit transaction as that term is defined in Reg. Z § 226.2(10) where a security interest was retained as a lien on the home, and list WMBFA as the purported lender.

27. It is an undisputed fact that the credit transaction entered into was as a consumer Credit Transaction as that term is defined under 15 U.S.C. § 1602(h) and Reg. Z § 226.2(a) and was subject to TILA, and subject to the rescission provisions of TILA.

28. It is an undisputed fact that approximately one week later after executing the documents, and after the alleged loan was funded, plaintiffs received in the mail an envelope containing a large folder stuffed with copies of the purported executed documents (Hereinafter "the borrower's copy"). Plaintiff Sherone Waisome secured this folder without reviewing its contents at the time; instead placing it in a filing cabinet in his personal closet where it remained undisturbed for two years.

29. Plaintiffs are informed and thereon alleges that as a result of the delay in receiving copies of their transaction documents on August 29th 2007, so that they could adequately review them, was an intentional and willful denial of their borrowers rights by WMBFA and its closing agent. This delay denied Plaintiffs the benefit of the initial three days of the right to review the closing package to determine what violations were apparent. This Delay was harmful to the waisomes in that; non escrow funds were disbursed without the Waisomes having the benefit of the right to cancel, in that they were not given copies of any closing papers on the day of execution, and did not receive such copies until seven days after.

30. Waisomes had no way of knowing what those violations were prior to the loan been funded, and felt that once the loan was funded they were stuck, and were then forced to make monthly obligation on a transaction that they later discovered, was replete with violations, alteration of his income, bait and switch on terms initially agreed and predatory from the outset.

31. On September 29th 2009, JPMorgan Chase NA who alleges that they are assignees of Plaintiffs' note and mortgage initiated a judicial foreclosure in Lake County 5th judicial circuit State court with case number 09-CA-005717. Attached to its complaint is a mortgage which is the purported security interest in Plaintiffs' home. A note was never attached to the Chase's complaint. The mortgage attached to the complaint is a matter of public record, and list WMBFA as lender. A copy of the mortgage is attached and incorporated herein.

32. It is an undisputed fact that upon careful review of the mortgage document attached to plaintiff's complaint, it clearly shows that an individual by the name of Adam Richard Buckley attesting as the person notarizing the mortgage documents.

33. It is an undisputed fact that neither Sherone Waisome nor Verna Waisome ever appeared before Adam Richard Buckley, therefore; the certificate of acknowledgement is a fraud as he could not have witness any of the plaintiffs' signatures. Mr. Buckley has the name **Verona Waisome** as appearing before him which is not the name of Sherone Waisome's spouse.

34. The Plaintiffs upon making this discovery, retrieved and reviewed for the first time on September 29th 2009 the folder that was mailed to them two years prior. Upon careful review, it was discovered that there was a complete lacking and failure in providing certain material disclosures to the Plaintiffs. Furthermore it clearly shows in that folder that Mr. Dockery who was present at the execution, and who would have been the only one able to acknowledge plaintiffs' signatures; name appears on the HUD 1 only. A copy of that HUD 1 is attached hereto marked "Exhibit B2." For comparison.

35. The Waisomes discovered for the first time the fixed interest rate of 6.25% that was initially promised was instead an 8.375% interest rate that was adjustable, and could go as high as 13.375%. If the waisomes would have known and were given initial disclosures at the loan application including the handbook on adjustable Rate mortgages and the risk that such mortgages carry, they would have sought and obtained a more suitable loan rate with lower finance charge. Waisomes initially entered into a loan agreement with Mr. Pilson and Washington Mutual Bank FA under the premise that their interest rate and loan payment would be fixed over the duration of the loan.

36. Plaintiffs believes and thereon alleges that they are each consumer with an interest in the property and were not provided with one **copy each** of the TILA disclosure form with all **material** information correctly and accurately disclosed. The material documents to the transaction "all failed in one or more material respects to disclose to the Waisomes in a form and manner required by applicable statute and regulation, the true nature and cost of this transaction. Specifically there were no TILA disclosure form contained in the folder for Plaintiff Verna Waisome who has an ownership interest in the subject property.

37. Plaintiffs subsequently conducted a detailed examination of the WMBFA loan documents that were mailed to them with their retained attorney in the state court proceeding where it was further discovered that plaintiffs did not receive TWO COPIES EACH (each borrower is by law required to receive two copies of the federally required Notice of Right to Cancel) with dates for rescission filled in by the lender/creditor. UPON EXAMINATION OF THE SINGLE COPY PROVIDED, THE DATES ON PLAINTIFFS'/BORROWERS NOTICE OF RIGHT TO CANCEL CONTAINED NO DATES MAKING THIS A MEANINGLESS DISCLOSURE DOCUMENT which failed to CLEARLY AND CONSPICIOUSLY inform plaintiffs of their right to rescind the mortgage loan. This is a statutory breach at the inception of the contract. A true and accurate copy of the single incomplete notice as is contained in the folder is attached hereto, marked as "Exhibit C."

38. Plaintiffs allege that the two each required notices were not contained in the folder upon receipt, and are still lacking in the folder today which is still securely kept by plaintiffs. Failure to provide two each complete clear and conspicuous copies informing plaintiffs of their right to cancel and rescind their loan under Federal Truth in Lending ("TILA") is a "material" violation of TILA which triggers an **extended three year right to rescind** original loan documents under 1635(f)

39. It is an undisputed fact that these violations which is clearly apparent on the face of the documents which Chase alleged to have acquired; materially failed to meet its TILA disclosure threshold obligations to which the alleged assignee is liable and is bound by Plaintiffs' timely rescission notice under the law.

40. It is an undisputed fact that on the HUD-1 presented and executed on August 29th 2007, which was a mere two days from the previous HUD-1, Plaintiffs were charged:

    | | |
    |---|---|
    | A loan origination fee at line 801 | $5,840.00 |
    | Charged an application fee at line 807 | $350.00 |
    | Charged a funding and review fee at line 811 | $350.00 |

    Plaintiff Sherone Waisome also discovered that the income which he had placed on the initial loan application was disregarded and his income was altered, falsified, and inflated on his "Residential Loan application" without his knowledge and consent.

41. Plaintiffs believe and further alleged that the transaction violated TILA by failing to comply with the statute's **advance** disclosure requirements and by including prepayment penalties in "high cost" loans, and in taking a security interest against the Borrower's personal property without its disclosure. This is a material breach at the inception of the loan transaction to which Chase the alleged assignee is liable.

42. On October 2nd 2009, which was four days after Chase filed its foreclosure complaint, and two years post the transaction date of August 29th 2007, and well within the statutory trigger of 15 U.S.C. § 1635(f); Plaintiffs by way of written letter, mailed to JPMorgan Chase Bank NA the alleged assignee, and WMBFA who is listed as lender on the mortgage, a valid and timely notice exercising their statutory right to rescind the credit transaction which was made pursuant to 15 USC sec. 1635 ("the notice of rescission"). A true and correct copy of the notice of rescission is attached hereto marked "Exhibit D" and incorporated herein by reference. In furtherance of enforcing Plaintiffs' rescission rights, Plaintiffs mailed on October 6th 2009 to JPMorgan Chase's Counsel Albertelli Law a letter dated October 6th 2009 putting the law firm on notice that the loan is rescinded. See letter attached herein and marked as "Exhibit E."

43. Plaintiffs also took the extra steps to index and docket the rescission enforcement notice in the pending state court matter on October 14th 2009, so that all parties involved had **cognizance** and no **plausible deniability.** Therefore, **before** there were any other moving papers filed in the case on behalf JPMorgan Chase Bank NA; by its network lawyers of Albertelli Law, and Gray Robinson who later appeared and took over as lead counsel, the "loan transaction" was rescinded by operation of the law.

44. It is an undisputed fact that the Notice of Rescission identified above was received by the addressees to whom it was sent. JPMorgan Chase Bank NA the alleged assignee also acknowledged, and admitted *receipt of Exhibit D as further detailed in paragraph 47.*

45. Pursuant to the Statute and decisional law governing such notices of enforcement, the Defendant JPMorgan Chase Bank NA the alleged assignee/servicer had twenty (20) days to file an action seeking to void the rescission, otherwise the rescission was deemed effective *by operation of the law without further action by Waisomes.*

46. No action had been filed by JPMorgan Chase NA or any other party within the statutorily allowed time to seek to vacate the Plaintiffs' statutorily exercised rescission or declare it ineffective, or invalid. The lack of any **timely** challenge to plaintiffs' valid rescission on October 2nd 2009, resulted in a waiver of any such challenge and the rescission being effective. The "security instrument" (the Mortgage) is thus void as a matter of law. Plaintiffs are thus entitled to all available remedies, including (a) return of the cancelled Note; (b) filing of documents necessary to remove the mortgage encumbrance from the homeowner's chain of title; (c) return of all monies paid by the borrower or to anyone in relation to the loan; and any other remedies provided by law.

47. Chase responded five months later to exhibit D during the pendency of the State Court matter with a letter dated March 18th 2010, acknowledging receipt of rescission notice, and the Qualified Written Request (QWR) but made no offer to tender or cancellation of the security instrument. Instead, Chase in this late letter proceeded to instruct Plaintiffs that; *"When a lender or servicer approves a rescission, the burden of "tendering" funds falls to the borrower not to that lender or servicer."* A copy of the letter is attached hereto marked "Exhibit F". Nothing in the Chase letter constitutes a challenge to Plaintiffs' rescission notice. Instead, Chase has continued to color the statutes to advance its own agenda which is to mislead and confuse the Plaintiffs and to deny them of their well-established Federal rights which Chase is still doing today.

## ISSUES PRESENTED & CLAIMS FOR RELIEF

48. The Federal Truth in Lending Act, 15 U.S.C. § 1635, Regulation Z § 226.23 allow for a borrower to rescind the Note and Mortgage by operation of law. This occurred in this case as of October 23rd, 2009 when Plaintiffs sent the rescission notice and more than 20 days had

elapsed without any formal response or challenge from Chase who alleges to be an assignee, or Washington Mutual Bank FA who is listed on the mortgage instrument.

49. Specifically, the undisputed evidence shows that Plaintiffs timely rescinded the note and mortgage under TILA 15 U.S.C. § 1635(a) on October 2nd 2009, effectively voiding all contracts and debt. Therefore, Defendants had no standing to continue foreclosure proceedings or collect payments under the contract because the contract was extinguished by operation of law on October 23rd 2009.

50. Plaintiffs believe and thereon alleges that this loan transaction was the result of predatory lending from its inception; it was based on illegal and unfair business practices, coupled with deception and fraud that were designed to force Plaintiffs into forfeiting their property, valued at over $832,000.00 dollars based on WMBFA's own appraisal. The law does not stand for such practices. Chase has no standing, has not shown with any evidence that it is an injured party, has yet to prove with crystal clear evidence that they are assignees, and has never had any valid title or legal right to Plaintiff's payments or a valid secured interest. How could it? Chase has produced to date no evidence that it acquired WMBFA's assets through the FDIC on September 25, 2008.

51. It is an undisputed fact that at the time plaintiffs rescinded the contract, on October 2nd 2009 the, Lake County Property appraiser list the "subject property" as having a fair market assessed value of $417,890.00. Defendant JPMorgan Chase's refusal and failure to take the necessary and appropriate steps to perform as required by 15U.S.C. §1635(b) and Regulation Z §226.23 (d)(2)., placed any tender requirements of Plaintiffs at risk in that, the said property has a lower assessed value today as reflected by Lake county Property appraisers office. (see Lake County property appraiser's Exhibit Marked G Attached). Instead JPMC continued to litigate the homeowner amassing legal fees, and attaching those fees against a security interest that is null and void as a matter of law.

52. Defendant JPMorgan Chase despite having actual knowledge of plaintiffs' rescission of the transaction, has chosen to evade and ignore the issues, but is persistent in maintaining a wrongful foreclosure sale of Plaintiffs' property. Decisional law in the context of TILA rescission have held that rescission effectively voids the security interest, rendering the debt

if any unsecured. The Tila violations enumerated, establishes serious doubt as to whether JPMorgan Chase NA has a valid security interest, and further raises serious doubts as to the enforceability of the Waisomes' mortgage. Whether or not the loan has been rescinded gets a threshold issue, namely, whether JPMorgan Chase NA has any rights whatsoever against the Waisomes.

53. The facts are clear and undisputed; Plaintiffs' transaction was rescinded and extinguished by operation of law on October 2, 2009 and no party could obtain any rights or interest to enforce contracts that were made void after this date.

**PLAINTIFFS ARE ENTITLED TO DECALATORY RELIEF BASED ON THEIR LEGAL RESCISSION UNDER TILA**

54. Plaintiffs reaffirm and reallege paragraphs 1 through 53 hereinabove as if set forth more fully herein below.

55. This is an action for Declaratory Relief which is brought pursuant to 28 USC sec. 2201 et seq

56. 28 USC sec. 2201(a) expressly provides that in a case of actual controversy within its jurisdiction that the court declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

57. 28 USC sec. 2202 expressly provides that further necessary or proper relief based on a declaratory judgment or decree may be granted. The Plaintiffs' demand to **acknowledge** and enforce their valid rescission constitutes their request for such further relief as of this time.

58. The facts set forth above constitute and give rise to a definite, concrete, real, and substantial controversy touching the legal relations of the parties and their adverse interests, with this claim requesting specific relief through a decree of conclusive character: to wit, whether the Defendant JPMorgan Chase NA or any other entity or persons, if any; have any legal and provable interest in either the Note or the Mortgage or the right to transfer the interest in either document including any interest legally sufficient to invoke the remedy of foreclosure, or any possessory right to the property as title to the property has been called into question and challenged by the Plaintiffs herein.

59. The instant action is ripe for determination in view of a pending Foreclosure action, filed in the state court by JPMorgan Chase NA, which threats remain present and are not contingent on the happening of any hypothetical future events.

60. A rescission action may be brought against an assignee, regardless of whether the assignee is a "creditor" or whether the violation was apparent on the face of the disclosure statement under 15 U.S.C. § 1641(c).

61. TILA gives borrowers a "right to rescind" for some kinds of consumer credit transactions. 15 U.S.C. § 1635(a); see 15 U.S.C. § 1635(d) (right to rescind is un-waivable except in emergency circumstances). Rescission applies to transactions in which a creditor takes a security interest in an obligor's "principal dwelling" and in return, provides money on property the obligor uses for non-business purposes. 15 U.S.C. § 1635(a). In 1974 TILA was amended to limit the time an obligor had to rescind a transaction to three years after the consummation of the transaction or sale of the property. 15 U.S.C. § 1635(f).

62. Of primary concern, and importance, as *clarified* in the United States Supreme Court in *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 190 L. Ed. 2d 650, 574 U.S. (2015), the obligor's exercise of the rescission triggers a series of steps through which the transaction is unwound. *See Beach*, 523 U.S. at 412-413. First, when an obligor exercises his right to rescind, he is not liable for any finance charge or other charge, and **any security interest given by the obligor becomes void upon rescission.** 15 U.S.C. § 1635(b). Second, within twenty days after receipt of the notice of rescission, the creditor **shall** return to the obligor any money or property given as earnest money, down payment or otherwise, and shall take any action necessary or appropriate to **reflect termination of any security interest** created under the transaction. *Ibid*. Third, **upon performance by the creditor's obligations** under this section, the obligor shall tender any property the creditor has previously delivered (or its reasonable value). *Ibid*. Pursuant to Reg Z notice is given by mail, telegram, or other *means of written communication.* 12. F.R.226.23(a)(2) ; See 12 C.F.R. Pt. 226, Apps. H-8, H-9 (Model forms for excising Rescission Right); 12 C.F.R. 1026.23(a)(2).

63. Erroneously, lower Courts have misinterpreted §1635 as requiring the obligor to file a lawsuit to effect rescission. However, the plain language of the statute puts no such

requirement on the obligor. That provision "says nothing in terms of an action" or a "suit's commencement"; rather it speaks to the "duration" of the rescission right. *Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 417 (1998). The *Supreme Court* found that nowhere does § 1635(a) allow for a debate as to disputed or undisputed notices; simply put the transaction and its contracts are *void as a matter of law* upon mailing of the Notice of Rescission. *Jesionski, supra,* at 793. Based on the clarification of the TILA rescission by the *United States Supreme Court,* Plaintiff's contracts became *void* as of October 23, 2009. Regardless to whether Chase fulfills its legal requirement to return all funds paid on the loan and reflect the termination of the security instrument, the loan no longer exists; the contract is void and any acts by any party based on the loan or contract is illegal.

### Burden of Proof and Elements

64. All Plaintiffs are required to show is the loan was rescinded by virtue of written notice Period. They have done so –providing their sworn verified complaint and evidence.

### Elements are by matter of law Proven by No Response to Letter
### As a Matter of Law the Rescission was Effective as of October 2nd, 2009.

65. The letter was mailed on or about October 2, 2009' the alleged assignee JPMorgan Chase Bank NA had 20 days to file an action in dispute of the notice of rescission and chose not to do so. The loan and contract are void and must be cancelled as a matter of law effective October 2, 2009.

66. In an uncontested rescission as here, the default sequence under the Act requires the creditor to release its lien before the consumer must tender. See 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d)(2)–(3). In offering some guidance to this court and in accordance with Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1172 (9th Cir. 2003), where the assignee/Servicer acquiesces in the consumer's notice of rescission or fails to respond within the 20-day response period, as in this case at bar, rescission is accomplished automatically.

### RELIEF REQUESTED

67. Plaintiff re-alleges each of the previous allegations as if set forth fully herein.

WHEREFORE, Plaintiff hereby requests Declaratory Relief per the October 2nd 2009 rescission as follows:

a. That this court by an order make an acknowledgement and declaration that the subject transaction was validly rescinded by operation of law upon the Plaintiffs' "effected" notice to the Defendant JPM organ Chase Bank NA.

b. That the foreclosure of Plaintiffs' void Mortgage which is the security interest be deemed null and void.

c. That all documents recorded on or against title to the subject property in the Lake County, Florida public land records after October 2, 2009 be declared null and void.

d. That the court declare that Defendant's performance according to statute including termination of any security interest in Plaintiffs' property created under the transaction, and that the court declare all such security interest void including but not limited to the transaction of August 29th 2007, and remains a condition precedent to any obligation of the Plaintiffs.

e. Order the return to the plaintiffs of any money or property given by plaintiffs to anyone, including defendant, in connection with the transaction.

f. For such other and further relief as the Court may deem just and proper.

DATED this _17 th_ day of _March_ 2016.

Respectfully Submitted
By: Sherone D. Waisome & Verna M. Waisome Borrower

By: _____
Sherone D. Waisome   Pro Se Plaintiff/Borrower

By: _____
Verna M. Waisome    Pro Se Plaintiff/Borrower

Sherone D Waisome & Verna M Waisome
614 E. Hwy 50 # 139
Clermont, FL 34711

## VERIFICATION

I the under signed Plaintiff, do affirm the foregoing Verified Complaint under penalty of perjury under the laws of the State of Florida that the allegations therein, the pleading, the accounts of the events that took place and contents to be true, correct, complete, to the best of my knowledge, information and belief.
Executed on this _____17 th_____ of ~~February~~ March 2016 at Clermont Florida

_____/s/ Sheldon Jackson_____

Plaintiff: SHERONE WAISOME


## VERIFICATION

I the under signed Plaintiff, do affirm the foregoing Verified Complaint under penalty of perjury under the laws of the State of Florida that the allegations therein, the pleading, the accounts of the events that took place and contents to be true, correct, complete, to the best of my knowledge, information and belief.
Executed on this _____17_____ of ~~February~~ March 2016 at Clermont Florida

_____Verna M Waisome_____

Plaintiff:    VERNA WAISOME