**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

SHERONE WAISOME and VERNA WAISOME,

    Plaintiffs,

v.                                                    Case No:  6:16-cv-445-Orl-40KRS

JPMORGAN CHASE BANK, N.A., ALL PERSONS OR ENTITIES UNKNOWN, and DOES 1–25,

    Defendants.

## ORDER

This cause comes before the Court on Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss and Incorporated Memorandum of Law (Doc. 16), filed May 26, 2016. On June 9, 2016, Plaintiffs responded in opposition. (Doc. 18). Upon consideration, Defendant's motion to dismiss will be granted.

## I.   BACKGROUND[1]

This case arises following state court foreclosure proceedings in which the state court entered a final judgment in favor of Defendant, JPMorgan Chase Bank, N.A. ("JPMorgan Chase"), and against *pro se* Plaintiffs, Sherone Waisome and Verna Waisome. Plaintiffs now sue JPMorgan Chase in this Court to vindicate their rights under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601–1667f. Plaintiffs essentially allege

---

[1] This account of the facts is taken from Plaintiffs' Verified Complaint for Acknowledgment of Rescission and Declaratory Judgment and the documents attached thereto (Doc. 1), the allegations of which the Court accepts as true in considering Defendant's motion to dismiss. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992).

1

that they properly rescinded their mortgage obligations with JPMorgan Chase pursuant to TILA and that, as a result, JPMorgan Chase was not permitted to pursue the state court foreclosure action. Plaintiffs therefore ask this Court to issue a declaration acknowledging their rescission of the disputed mortgage obligation. JPMorgan Chase now moves to dismiss the Complaint.

## II. DISCUSSION

Plaintiffs' Complaint must be dismissed for at least two reasons. First, to the extent Plaintiffs ask this Court to review or invalidate the state court's final foreclosure judgment, the Complaint is barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine is a well-established limit on federal subject matter jurisdiction which prohibits federal courts from exercising jurisdiction over final state court judgments or proceedings. *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009). The doctrine specifically applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Although Plaintiffs go to great lengths in their response to explain that they are not challenging the state court's foreclosure judgment, their Complaint indicates otherwise. Indeed, Plaintiffs' prayer for relief specifically requests "[t]hat the foreclosure of Plaintiffs' void Mortgage . . . be deemed null and void" and "[t]hat all documents recorded on or against title to the subject property in the Lake County, Florida public land records after October 2, 2009 [including the state court's foreclosure judgment] be declared null and void." (Doc. 1, pp. 14–15). Plaintiffs directly ask this Court to grant relief from the state

court's judgment, thereby invoking the *Rooker-Feldman* doctrine and rendering this Court without subject matter jurisdiction.

Second, to the extent Plaintiffs ask this Court to declare the parties' rights relative to Plaintiffs' TILA rescission letter, the Complaint is barred by the issue preclusion aspect of the *res judicata* doctrine. As the United States Supreme Court explains, "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (footnote omitted). Issue preclusion acts to bar subsequent litigation on an issue of fact or law which was litigated and resolved by the final decision of a court of competent jurisdiction. *Id.* Unlike the claim preclusion aspect of *res judicata*, issue preclusion acts to bar subsequent litigation on an issue regardless of whether the same claims are involved in the two lawsuits. *Id.*; *see also Cmty. State Bank v. Strong*, 651 F.3d 1241, 1263–64 (11th Cir. 2011) ("[I]ssue preclusion precludes the re-adjudication of the *same issue*, where the issue was actually litigated and decided in the previous adjudication, even if it arises in the context of a different cause of action."), *cert. denied*, 133 S. Ct. 101 (2012).

Issue preclusion acts to bar Plaintiffs' TILA claim in this lawsuit. In the state court foreclosure proceedings, Plaintiffs raised and litigated the affirmative defense that they had rescinded their mortgage obligation pursuant to TILA. (Doc. 16-2, pp. 20–21, 30).[2] In August 2012, the state court entered a final judgment of foreclosure in favor of

---

[2] The Court takes judicial notice of the state court's docket and all filings therein. See Fed. R. Evid. 201. The state court action is *JPMorgan Chase Bank, N.A., et al. v. Sherone D. Waisome, et al.*, No. 09-CA-5717 (Fla. Cir. Ct., Lake Cty.). The state court's docket is a matter of public record and can be accessed at https://www.lakecountyclerk.org.

JPMorgan Chase and against Plaintiffs. (Doc. 16-3). In that final judgment, the state court found that Plaintiffs' TILA rescission affirmative defense was barred by TILA's three-year statute of repose, 15 U.S.C. § 1635(f). (*Id.* ¶ 39). Plaintiffs now wish to relitigate their same TILA rescission allegations as a cause of action in this Court. However, since Plaintiffs fully litigated the issue and the state court rendered a final decision on the merits, Plaintiffs are barred from doing so. Plaintiffs' Complaint is therefore subject to dismissal on grounds of issue preclusion as well.

### III.  CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss (Doc. 16) is **GRANTED**.
2. Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**.[3]
3. The Clerk of Court is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on September 1, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3]  A dismissal based on *res judicata* is a final decision on the merits and is made with prejudice. *See Gibbs v. Republic Tobacco, L.P.*, 119 F. Supp. 2d 1288, 1296 (M.D. Fla. 2000).